IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERWIN DOSS, # K-57965,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-449-MJR |
| ) | |
| **JACQUELINE LASHBROOK,** ) | |
| **BETSY SPILLER, LaRUE LOVE,** ) | |
| **DIRECTOR I.D.O.C., SUZANN BAILEY,** ) | |
| **and UNKNOWN PARTY** ) | |
| **(Commissary Owner(s)),** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on several motions filed by Plaintiff. The *pro se* civil rights complaint in this action was filed on April 25, 2016 (Doc. 1). It sought relief pursuant to 42 U.S.C. § 1983 for injuries allegedly sustained by Plaintiff as a result of consuming soy products in the prison diet at Pinckneyville Correctional Center ("Pinckneyville"), where he was confined at the time. The complaint was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), a motion for the recruitment of counsel (Doc. 3), and a motion for service of process at government expense (Doc. 4).

The very next day after the complaint and above motions were filed, Plaintiff submitted a motion to voluntarily "dismiss-withdraw" his complaint (Doc. 6). In that motion, Plaintiff stated that due to "errors within this complaint," he wished to voluntarily dismiss-withdraw the complaint, and requested that no further action be taken on the matter (Doc. 6, p. 1). On May 2, 2016, the Court granted the motion and dismissed the complaint (Doc. 7).

Because the motion did not make clear whether Plaintiff wished to dismiss the entire action, or merely dismiss the complaint, Plaintiff was granted 35 days within which he could submit an amended complaint if he wished to proceed with the case. He was also informed that even if the action were to be dismissed, he would still owe the filing fee (Doc. 7). He was ordered to provide his inmate trust fund statement so the Clerk could calculate the amount of his initial partial fee payment (Doc. 8).

On May 20, 2016, Plaintiff responded by filing a "Motion to Stay Determination of Payment of Filing Fees and any other Action within this Cause" (Doc. 9). That motion states that Plaintiff was the victim of "fraud" in that another inmate filed the lawsuit on his behalf without his permission or authorization. He never personally signed the complaint or accompanying motions. Instead, he claims that this other inmate prepared the pleadings and motions in order to "sham money from" Plaintiff as he has from other Pinckneyville prisoners (Doc. 9, p. 2). Plaintiff states that this individual mistook him for an easy mark, but in fact, Plaintiff is a "law advocate and knowledgeable litigator" and believes the suit is frivolous (Doc. 9, p. 3). He points out that he has other suits pending in other courts, and attaches some samples of his own *pro se* pleadings to point out that the handwriting, headings, and signatures on them are totally different from those on the bogus complaint. In particular, he notes that on two of the motions fraudulently filed in his name, the first name is written "Erwin" rather than the correct spelling of "Kerwin" (Doc. 9, pp. 3, 15-16; Doc. 2; Doc. 4).

In this motion, Plaintiff requests a stay of any further action with this case, and complains that he is now being penalized by having to pay the filing fee for a lawsuit that he never authorized or filed. Additionally, he asks the Court to reimburse him for any money that has been or will be deducted from his trust account to pay the fee in the instant case, and that the

inmate who filed the case in Plaintiff's name without authorization be ordered to pay the filing fee (Doc. 9, p. 9).

Finally, Plaintiff attaches an affidavit in which he describes his encounter with the jailhouse lawyer (referred to as "Twin"), who had been filing suits for other inmates over the soy diet and was trying to get the matter converted to a class action.  Twin offered to file a suit for Plaintiff in exchange for $25.00.  Plaintiff asked for more information, but did not agree to join the suit.  A few days later, Plaintiff received a letter with a list of $25.00 worth of commissary items on it.  Plaintiff discarded the letter.  Soon after that, Plaintiff saw Twin on the yard, and learned that he had already filed the suit and had put down Plaintiff's name as "Erwin" Doss (Doc. 9, p. 12).  Twin further admitted that his cellmate had signed Plaintiff's name to the papers because "his handwriting is known by these people."  *Id*.  Twin told Plaintiff about the allegations that were in the suit, and Plaintiff responded that those alleged facts were a lie and could be proven false.  Plaintiff later learned that Twin had been sent to segregation for trying to extort his cellmate.

The Court has examined the record and the documents submitted by Plaintiff, and finds Plaintiff's explanation – that this case was filed by another prisoner without Plaintiff's permission or authorization, and that Plaintiff did not sign the complaint – to be credible.  The motion to stay determination of payment (Doc. 9) is therefore **GRANTED** as follows:

(1)  This action is **DISMISSED WITHOUT PREJUDICE**;

(2)  No filing fee shall be assessed for this case;

(3)  All other pending motions (Docs. 2, 3, and 4) are **DENIED AS MOOT**.

Plaintiff shall note that no payments toward the filing fee have been deducted from his inmate trust account, because the fraudulent motion for leave to proceed *in forma*

*pauperis* ("IFP") (Doc. 2) was never granted. The Court never received Plaintiff's trust fund statements in order to calculate the initial partial fee payment. Therefore, there is nothing to refund to him.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly. Plaintiff is **ADVISED** that this dismissal shall **not** count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: September 26, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court